IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cr-00034-MOC-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ADRIAN O'NEAL BRANCH, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's *pro se* Motion for Court Records and Investigative Reports (the "Motion," Doc. 35).

By the Motion, Plaintiff requests that the Court provide free copies of the following documents, which he contends are needed in order to prepare *a pro se* motion pursuant to 28 U.S.C. § 2255:

> DOCKET MENU FOR ALL THE FILINGS AND HEARINGS IN THIS CASE;
>
> 1. Trial Transcripts;
> 2. Motion Hearing Transcripts;
> 3. Plea Agreement Transcripts;
> 4. Sentencing Hearing Transcripts;
> 5. ALL Brady and Jenks [sic] Materials (police reports, ETC … );
> 6. All Discovery turned over to defense attorney by the government;
> 7. Any defense private investigation reports;
> 8. Grand Jury Transcripts and True Bill (Indictment) Returned.
>
> Doc. 35 at 1.

1

Additionally, Defendant requests that the Court furnish him with "the complete Judgment and Commitment" and the presiding District Judge's oath of office. Id. at 2.

## I. Transcripts (Other than Grand Jury Proceedings)

28 U.S.C. § 753(f) provides that "a free transcript may be provided to an indigent criminal defendant bringing an action pursuant to 28 U.S.C. § 2255 'if the trial judge ... certifies that the suit ... is not frivolous and that the transcript is needed to decide the issue presented by the suit....'" United States v. Pearce, No. 7:19-CR-139-FL-5, 2023 WL 3184016, at *1 (E.D.N.C. May 1, 2023) (quoting 28 U.S.C. § 753(f) and citing United States v. MacCollom, 426 U.S. 317, 326 (1976)). "An indigent defendant must make a showing of a particularized need to obtain a free transcript for post-conviction proceedings," id. (citing United States v. Hill, 34 F. App'x 942, 943 (4th Cir. 2002)), and is not entitled to a transcript "'merely to comb the record in the hope of discovering some flaw.'" Jones v. Superintendent, Va. State Farm, 460 F.2d 150, 152 (4th Cir. 1972), adhered to on reh'g, 465 F.2d 1091 (4th Cir. 1972) (quoting United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963)).

Here, Defendant has failed to identify a particularized need for trial, motion hearings, plea, or sentencing transcripts. Defendant's case is closed, there are no "criminal proceedings" pending, and he has not filed an appeal or collateral attack concerning the underlying judgment. See United States v.

Dury, No. 1:08-cr-00016-MR, 2021 WL 966024, at *1 (W.D.N.C. Mar. 15, 2021) ("There are no proceedings currently pending in this Court for which the Defendant would require a copy of his Presentence Report or court transcripts."); Pearce, 2023 WL 3184016, at *1 (denying defendant's motion for free transcripts and stating that "defendant has not filed a § 2255 action and he has not made a satisfactory showing of a particularized need for transcripts"); Rose v. United States, Nos. 3:04–cr–194–RJC, 3:08–cv–216–RJC, 3:13–cv–145–RJC, 2013 WL 1303136, at *1 (W.D.N.C. Mar. 29, 2013) ("In Petitioner's motions for transcripts, he articulates no reason in support of his request and the Court notes that no appeal or collateral attack is currently pending.").[1]

## II. Grand Jury Transcripts

"'Parties seeking grand jury transcripts under Rule 6(e) [of the Federal Rules of Criminal Procedure] must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.'" Gardner v. United States, Nos. 5:11-CR-228-FL-1, 5:14-CV-511-FL, 2016 WL 11261311, at *8 (E.D.N.C. Nov. 23, 2016) (quoting Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211, 222

---

[1] Further, although Defendant requests trial transcripts, Defendant pled guilty and a trial was not held.

3

(1979)). "In addition, a petitioner must make 'a strong showing of particularized need ... before any disclosure will be permitted.'" Id. (quoting United States v. Sells Eng'g, Inc., 463 U.S. 418, 443 (1983)). In this case, though, Defendant has failed to make such a showing, and the undersigned is otherwise not persuaded that the preparation of such a transcript is required.

### III. Discovery and Other Materials

With respect to Defendant's request for "Brady and Jenks [sic] Materials," discovery provided to defense counsel by the Government, "[a]ny defense private investigation reports," and the presiding District Judge's oath of office, Defendant has not explained why (and for some of these documents, how) those materials should be provided to Defendant by the Court.

### IV. Materials Appearing on the Docket

Defendant may obtain a copy of the docket sheet by making a request for it to the Clerk's Office.

Defendant is also free to obtain copies of materials appearing on the docket at his own expense. He has not, however, sufficiently explained why he is entitled to receive copies of those materials at the Court's expense. See Pearce, 2023 WL 3184016, at *1 (denying defendant's request to receive copies of court documents at the court's expense and explaining that 28 U.S.C. § 1914 sets forth a fee schedule for the reproduction of documents).

4

Therefore, the Motion (Doc. 35) is **DENIED**.

It is so ordered.

Signed: September 12, 2024

W. Carleton Metcalf
United States Magistrate Judge